UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

    v.

WESNER FREDERIQUE,

                      Defendant.

------------------------------------------------------------X

**MEMORANDUM & ORDER**
22-CR-265 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 23, 2024, Defendant pled guilty to a lesser-included offense of Count One of a two-count Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Plea Agreement ¶ 1, ECF No. 124. The Court now sentences Defendant and provides a complete statement of reasons, pursuant to 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to forty-one (41) months' imprisonment; two years' supervised release with both the special and standard conditions of supervision; forfeiture in accordance with the Orders of Forfeiture; and a $100.00 mandatory special assessment.

## I. BACKGROUND

From December 2020 to February 2022, Defendant participated in a drug-trafficking conspiracy directed by co-defendant Jared Guerrero. Sealed Presentence Investigation Report ("PSR") ¶ 9, ECF No. 175. Co-defendant Guerrero arranged to sell illegal narcotics, including heroin, fentanyl, and a fentanyl analogue, to undercover law enforcement officers posing as ordinary customers. *Id.* ¶ 7. Defendant and co-defendant Steven Cohen worked as "runners," delivering the drugs, collecting payment, and, on some occasions, organizing transaction details directly with the undercover officers. *Id.* Defendant is personally responsible for distributing 188.772 grams of fentanyl and 245.317 grams of fentanyl analogue in connection with the conspiracy. *Id.* ¶ 8.

1

*Procedural History*

On June 22, 2022, Defendant was arrested and his residence searched. Sealed Gov't Sent'g Mem. at 2, ECF No. 199. During the search, law enforcement recovered, among other things, cash, narcotics, a firearm, and ammunition. *Id.*

On January 23, 2024, Defendant pled guilty to a lesser-included offense of Count One of a two-count Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Plea Agreement ¶ 1, ECF No. 124. On March 27, 2024, consistent with the Plea Agreement (¶¶ 6–13), the Court granted a preliminary order of forfeiture providing for the entry of a forfeiture money judgment of $8,850.00 and forfeiture of seized assets comprising $1,668.00 in cash, a firearm, and ammunition. *See generally* Preliminary Order of Forfeiture, ECF No. 133. On August 21, 2024, the Court granted a final order of forfeiture finalizing the same. *See generally* Final Order of Forfeiture, ECF No. 164.

## II. LEGAL STANDARD

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. ANALYSIS

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. *Family and Personal Background*

Defendant was born on February 2, 1988, in Queens, New York. PSR ¶ 42. Defendant's father, age 55, lives in Alpharetta, Georgia, works in food delivery, and is in good health. *Id.* His mother, age 59, lives in Phoenix, Arizona, is a retired registered nurse, and is also in good health. *Id.* Defendant has a close relationship with his parents, communicating with each of them daily. *Id.* They are aware of the instant offense and supportive. *Id.*

Defendant has six half-siblings and shares a close relationship with all but one of them. *Id.* ¶ 43. Defendant's parents separated when Defendant was two years old. *Id.* ¶ 44. Defendant was raised by his father and paternal grandparents in Queens, New York, in a middle-income household free from abuse. *Id.* ¶¶ 44, 48. When Defendant was ten years old, he started harboring feelings of abandonment by his mother; Defendant's grandmother enrolled him in therapeutic counseling and martial-arts classes to help him cope with his emotions. *Id.* ¶ 44.

Defendant is the custodial parent of a twelve-year-old daughter from a prior romantic relationship. *Id.* ¶ 45. Defendant's daughter lives with him in Queens, New York, is enrolled in school, and in good health. *Id.* Defendant reports that, were he to serve a term of incarceration, his daughter would likely move to Alpharetta, Georgia, to live with Defendant's father, as the child's mother has not expressed an interest in raising her. *Id.* Defendant's daughter is aware of the instant offense and worried about losing her father. *Id.*

Defendant has two other children—ages nine and eleven—from a marital union currently pending divorce. *Id.* ¶ 47. In 2021, without notifying Defendant, Defendant's wife moved to Kansas City with the children and her new partner. *Id.* Although he is currently unable to contact these two children, Defendant has endeavored to stay involved in their lives and sends monthly financial support to his former partner to help with their care. *Id.*

    2.    *Educational and Employment History*

In 2005, Defendant graduated from Benjamin N. Cardozo High School in Queens, New York. *Id.* ¶ 62. From 2006 to 2008, he pursued a bachelor's degree in business management and entrepreneurship at the University of Mount Saint Vincent in the Bronx, New York, but withdrew to attend court proceedings in connection with his sole prior conviction (discussed

4

below). *Id.* ¶ 61. In 2008, he attended classes at the Borough of Manhattan Community College in Manhattan, New York. *Id.* ¶ 60.

From 2013 to 2016, Defendant held various employment positions at national retailers in New York and Georgia. *Id.* ¶ 66. In 2016, Defendant began selling food from his home under the business name "Tastefully Euphoric." *Id.* ¶ 65. From early 2024 to the present, Defendant has worked as a financial executive and hiring manager at a marketing firm based in Queens, New York. *See id.* ¶ 63; Sealed Gov't Sent'g Mem. at 4; Sealed Def. Sent'g Mem. at 4.

### 3. *Prior Convictions*

In 2007, Defendant pled guilty to Attempted Assault in the Second Degree in New York Supreme Court, Queens County. PSR ¶ 34. Defendant was around eighteen years old at the time; he was adjudicated as a youthful offender and sentenced to five years' probation. *Id.* As such, this conviction does not yield any criminal history points, meaning Defendant has a total criminal history score of zero. *Id.* ¶¶ 34–36.

### 4. *Physical and Mental Health*

In 2001, Defendant broke his collar bone in a car accident. *Id.* ¶ 53. In 2012, Defendant tore the meniscus in his right knee while playing basketball. *Id.* ¶ 52. In 2018, Defendant injured his right shoulder in a car accident and underwent surgery. *Id.* ¶ 51. Although he experiences some lingering pain from his injuries, Defendant is currently healthy and not receiving any medical treatment or medications. *Id.* ¶ 55.

With respect to his mental and emotional health, Defendant reports receiving counseling from fifth grade to eighth grade, when his therapist determined the sessions were no longer necessary. *Id.* ¶ 56. Defendant reports no other history of mental or emotional health conditions. *Id.*

5. *Substance Abuse*

In 2007, Defendant completed an outpatient drug treatment program in connection with his prior conviction. *Id.* ¶ 59. Defendant reports a history of alcohol and marijuana use beginning when he was eighteen years old. *Id.* ¶¶ 57–58. Since his arrest for the instant offense, Defendant has abstained from using marijuana, and he last consumed alcohol in May 2024. *Id.*

6. *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B. The Need for the Sentence Imposed**

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved participating in a conspiracy to sell dangerous narcotics—fentanyl and a fentanyl analogue—to numerous customers, including undercover officers, in his community. *See supra* Part I. The Court's sentence will deter others from engaging in similar acts and justly punish Defendant for his crimes. The Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C. The Kinds of Sentences Available

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to a lesser-included offense of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Plea Agreement ¶ 1. He faces a statutory minimum term of five years' imprisonment and a maximum term of forty (40) years' imprisonment. 21 U.S.C. § 841(b)(1)(B). He faces a statutory minimum term of four years' supervised release and a maximum term of life. *Id.* However, because Defendant qualifies for "safety-valve" relief under 18 U.S.C. § 3553(f), all parties agree he may be sentenced without regard to any statutory minimum sentence. *See* Sealed Addendum to the PSR ¶¶ 74–75, 90, ECF No. 200; Sealed Gov't Sent'g Mem. at 3; Sealed Def. Sent'g Mem. at 2.

Defendant also faces a maximum fine of $5,000,000.00. 21 U.S.C. § 841(b)(1)(B). He owes forfeiture in accordance with the Preliminary Order of Forfeiture and Final Order of Forfeiture. *See* Preliminary Order of Forfeiture, ECF No. 133; Final Order of Forfeiture, ECF No. 164. Finally, the Court is required to impose a mandatory special assessment of $100.00 under 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

The applicable Guideline for Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances is U.S.S.G. §2D1.1. Defendant is responsible for 2,925.1

kilograms of converted drug weight, resulting in a base offense level of thirty (30). U.S.S.G. §2D1.1(a)(5), (c)(5). Two offense levels are subtracted because Defendant is eligible for "safety-valve" relief. U.S.S.G. §§2D1.1(b)(18), 5C1.2(a). Three offense levels are subtracted because Defendant timely accepted responsibility. U.S.S.G. §3E1.1(a)–(b). Two offense levels are subtracted because Defendant is a zero-point offender. U.S.S.G. §4C1.1. One offense level is subtracted because Defendant participated in a global resolution. U.S.S.G. §5K2.0 (Policy Statement). These reductions result in a total offense level of twenty-two (22).

Probation recommends a bottom-of-the-Guidelines sentence of forty-one (41) months' imprisonment; two years' supervised release with a special condition; and a $100.00 mandatory special assessment. Sealed Rev. Prob. Sent'g Rec. at 1, ECF No. 200. The Government does not provide a specific recommendation, instead requesting a "meaningful sentence." Sealed Gov't Sent'g Mem. at 1, 5. The Government recognizes the instant offense "is a serious crime involving dangerous and deadly narcotics," but contends Defendant's "personal history and characteristics, and his post-arrest conduct, are largely mitigating." *Id.* at 4. Defense counsel recommends a below-Guidelines sentence of time served, followed by a period of supervised release. Sealed Def. Sent'g Mem. at 2, 7. Defense counsel submits a letter from Defendant and letters of support from Defendant's employer, family members, and friends. *See id.* at 8–21.

The Court appreciates the sentencing arguments raised by all parties and has thoroughly considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

8

The parties have not drawn the Court's attention to any pertinent policy statements. Finding none on its own, the Court proceeds to the next Section 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

On July 11, 2025, the Court sentenced co-defendant Steven Cohen to sixty (60) months' imprisonment, followed by four years' supervised release. Judgment as to Steven Cohen, ECF No. 194. Like Defendant, Cohen pled guilty to a lesser-included offense of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Mem. & Order as to Steven Cohen at 1, ECF No. 193. However, Cohen was not "safety-valve" eligible and was therefore subject to the statutory minimum sentence of sixty (60) months' imprisonment. *Id.* at 6.

For the reasons stated in this Memorandum and Order, and considering the other Section 3553(a) factors, Defendant's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. *See* Plea Agreement ¶ 1(e).

## IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to forty-one (41) months' imprisonment; two years' supervised release with both the special and standard conditions of supervision; and a $100.00 mandatory special assessment. This sentence is sufficient but not

greater than necessary to accomplish the purposes of Section 3553(a)(2). The Court does not impose a fine considering Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addendum thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2025
       Brooklyn, New York